**Dean HERMANN, Relator,**

v.

**VIERECK FIREPLACE SALES, INC., Commissioner of Jobs and Training, Respondents.**

**No. C9–87–277.**

Court of Appeals of Minnesota.

June 9, 1987.

Dean Hermann, pro se.

Joan L. Schneider, Bloomington, for Viereck Fireplace Sales, Inc.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Jobs and Training.

Considered and decided by POPOVICH, C.J., and WOZNIAK and LESLIE, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Relator Dean Hermann obtained a writ of certiorari, claiming the Commissioner erred by determining he voluntarily quit his position with respondent Viereck Fireplace Sales, Inc. (Viereck) and is disqualified from receiving unemployment compensation benefits. We have determined Hermann's mother, a non-attorney, is improperly representing him in this court and, accordingly, we discharge the writ.

## FACTS

Dean Hermann worked full-time for Viereck, installing fireplaces and laying brick, tile and stone. He did not have a driver's license or own a car, but relied upon others to get to and from work. Viereck was aware of this situation when Hermann was hired.

On Monday, September 22, 1986, Hermann did not report to work. He had gone out of town the previous weekend and his driver did not get him back to his home until midmorning.

Shortly after Hermann arrived home, Viereck's secretary telephoned to find out where he was. The parties dispute what was said. At a hearing held to determine whether Hermann was an independent contractor or an employee of Viereck, Hermann testified that even before he arrived home he had decided he did not want to go into work that day. He also testified he told Viereck's secretary he was not going to be in that day.

At the hearing held to determine whether Hermann voluntarily quit or was discharged for misconduct, Viereck confirmed that version of what had happened. Her-

mann, however, changed his story, claiming he did not go into work because Viereck's secretary did not know where the job site was that day, and had agreed it was fine if Hermann did not go in that day.

Hermann's mother, with whom he lived, testified that after Hermann left for another unrelated job, Viereck's secretary called and stated Hermann would be fired if he did not get to the warehouse and clean it that day. Hermann received that message when he arrived at home that evening. The same evening, a co-worker who often drove Hermann to work stopped by and informed Hermann he had been fired.

Hermann's mother also testified that on three occasions after September 22, she and her son attempted to contact Viereck at his home. Viereck, however, testified he had a 24-hour answering machine, and Hermann could have reached him if he had tried.

After considering the testimony of the parties, a referee determined Hermann's actions on September 22, 1986 constituted an isolated instance of negligence, rather than misconduct sufficient to disqualify him from receiving unemployment compensation benefits. On appeal, a Commissioner's representative reversed, finding Hermann had voluntarily quit his job.

Hermann obtained a writ of certiorari, requesting this court reverse the Commissioner's representative. While Hermann signed the petition for the writ and statement of the case, his mother, a non-attorney, signed the brief.

## ISSUES

1. Should this appeal be dismissed because relator was represented by a non-attorney?

2. Does the record support the Commissioner's determination that relator voluntarily quit his position?

## ANALYSIS

1. Minn.Stat. § 268.10, subd. 9 (1986) provides:

Any * * * agent in any court proceedings under these [unemployment compen-

sation] sections, must be an attorney at law * * *.

In *Gonsior v. Alternative Staffing, Inc.*, 390 N.W.2d 801 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Aug. 27, 1986), we discussed the unauthorized practice of law by a non-attorney and concluded:

[I]n the future we will enforce the legislative directives, prevent the unauthorized practice of law, and dismiss appeals brought by non-lawyers.

*Id.* at 805. Accordingly, since Hermann's mother is improperly representing him in this court, we order the writ discharged.

2. In view of this decision, we need not address the merits of Hermann's argument. However, we note we have reviewed the record and, given our limited scope of review, we find the Commissioner did not err in determining Hermann voluntarily quit his position with Viereck.

## DECISION

As we warned in *Gonsior*, the court will not allow a relator to be represented by a non-attorney.

Writ discharged.